Lauren R. Jacoby
HOOTEN & JACOBY LLP
17 Snyder Avenue
Toms River, NJ 08753
Phone: (848) 223-7362 / Fax: (848) 223-7391
E-mail: lrjacoby@jacobylawonline.com

Attorneys for Plaintiff, Nationwide Judgment Recovery, Inc.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: LONNA L. PFEIFER, | Chapter 7 |
| | Bankr. No. 20-17408 |
| Debtor. | |
| NATIONWIDE JUDGMENT RECOVERY, INC., | Judge Stacey L. Meisel |
| Plaintiff, | Adversary No. |
| v. | |
| LONNA L. PFEIFER aka | |
| LONNA PFEIFER, | |
| Defendant. | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

COMES NOW, Nationwide Judgment Recovery, Inc. ("Nationwide"), the Plaintiff and a creditor in the above styled action, by and through counsel, and pursuant to 11 U.S.C. §§ 523(a)(19) and (a)(2)(A), files this Complaint to Determine Dischargeability of Debts against Defendant Lonna L. Pfeifer aka Lonna Pfeifer ("Defendant") and shows this Court as follows:

**Jurisdiction**

1. This adversary proceeding is brought in connection with the Defendant's case under Chapter 7, Title 11, Bankruptcy Case Number 20-17408 now pending in this Court. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157. This is a core proceeding.

2. In accordance with Fed. R. Bankr. P. 7008, Nationwide consents to the entry of final orders and judgments by this Court. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

3. Nationwide is a creditor of the Debtor.

## Overview

4. The relief requested herein arises out of a Final Judgment entered on August 14, 2017 in *Bell v. Disner*, Case 3:14-cv-00091-GCM (W.D.N.C. 2017), referred to herein as the "Judgment." A true and correct copy of the Judgment is attached hereto as Exhibit "A" and is incorporated herein by reference.

5. Pursuant to the terms of the Final Judgment, post-judgment interest shall accrue at the rate specified under 28 U.S.C. 1961 from the date of entry until the Judgment is paid in full.

6. The current balance of the Judgment is $19,198.40, which includes interest from the judgment date to the date the Debtor filed her bankruptcy petition.

## Procedural Background of Judgments

7. On August 17, 2012, the Securities and Exchange Commission filed an action titled *Securities and Exchange Commission v. Rex Venture Group, LLC d/b/a ZeekRewards.com and Paul Burks*, Civil Action No. 3:12-cv-519 (the "SEC Action"), to shut down a Ponzi and pyramid scheme operated by Rex Venture Group, LLC d/b/a www.ZeekRewards.com until August 2012 in which more than 700,000 participants lost over $700 million dollars.

8. On August 17, 2012, the Court appointed Kenneth D. Bell as Receiver of the estate of Rex Venture Group, LLC, d/b/a www.ZeekRewards.com, and authorized him to initiate legal proceedings seeking the avoidance of fraudulent transfers, disgorgement of profits, and any other legal and equitable relief that the Receiver deems necessary to recover RVG's assets for the benefit of the Receivership estate. Matthew E. Orso succeeded Kenneth D. Bell as the Receiver.

9. The Defendant Debtor herein was a Net Winner Class Member in the Ponzi and pyramid scheme operated by Rex Venture Group, LLC d/b/a www.ZeekRewards.com from at least June 2011 until August 2012.

10. As a Net Winner Class Member, Defendant Debtor received thousands of dollars from her participation in the ZeekRewards Ponzi scheme. A true and correct copy of the statement showing the Defendant Debtor's payments into the Ponzi scheme and her winnings is attached hereto as Exhibit "B" and is incorporated herein by reference.

11. The Receiver filed a clawback action under *Bell v. Disner*, Case 3:14-cv-00091-GCM (W.D.N.C. 2017) to recapture the money paid to the scheme's winners so that it can be returned to the victims. The Complaint asserts claims for violation of the North Carolina Uniform Fraudulent Transfer Act, Common Law Fraudulent Transfer and Construction Trust.

12. On June 30, 2016, the Receiver moved for Summary Judgment Against Remaining Named Defendants and Partial Summary Judgment Against the Net Winner Class.

13. On November 29, 2016, the Court granted the Receiver's Motion for Summary Judgment Against Remaining Named Defendants and Partial Summary Judgment Against the Net Winner Class. A true and correct copy of the Order is attached hereto as Exhibit "C."

14. In the Order granting the Receiver's Motion for Summary Judgment Against Remaining Named Defendants and Partial Summary Judgment Against the Net Winner Class, the Court found that the Defendants violated state securities law N.C. Gen. Stat. § 39-23.4(a)(1), the North Carolina Uniform Fraudulent Transfer Act. The NCUFTA permits a receiver to avoid a transfer made "with the intent to hinder, delay, or defraud any creditor of the debtor" within four years after the transfer was made. Many courts have held that the intent to defraud can be presumed when transfers are in furtherance of a Ponzi scheme. The "Ponzi scheme presumption" has been long settled in a number of jurisdictions and under an analogous section of the Bankruptcy Code.

15. On June 27, 2017, the Receiver filed a Motion to Enter Final Judgments Against Net Winner Class Members, which was granted by the Court on August 14, 2017.

16. Attached hereto as Exhibit "D" is a copy of the Final Judgments entered on August 14, 2017, along with page 71 in the index of Judgments and Amounts. *See* numbers 4378 for the specific Judgment against the Defendant Debtor.

17. On December 17, 2019, Nationwide Judgment Recovery, Inc. was assigned the full portfolio of judgments obtained against more than 6,700 Net Winners who participated and profited from ZeekRewards. Attached hereto as Exhibit "E" is a copy of the Assignment of Judgment.

### COUNT 1: Relief Under 11 U.S.C. § 523(a)(19)

18. Nationwide incorporates paragraphs 1 – 17 herein.

19. 11 U.S.C. § 523(a)(19) provides that a Chapter 7 discharge does not discharge a debt that is

(A) is for—

(i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

(B) results, before, on, or after the date on which the petition was filed, from—
(i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
(ii) any settlement agreement entered into by the debtor; or
(iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

20. Thus, 11 U.S.C. § 523(a)(19) precludes dischargeability of a debt if two conditions are met. It must be proven that (1) the debt is for the violation of securities law, and (2) the debt must be memorialized in a judicial or administrative order or settlement agreement.

21. The Final Judgment against the Defendant Debtor, entered in *Bell v. Disner* on August 14, 2017 and attached hereto as Exhibit "A," is a debt owed by the Defendant Debtor for violation of North Carolina securities law. Further, this debt is memorialized in a judgment, attached hereto as Exhibit "A."

22. Nationwide is entitled to a judgment against the Defendant Debtor pursuant to 11 U.S.C. § 523(a)(19) finding the Final Judgments to be non-dischargeable and authorizing Nationwide to pursue collection of same.

23. In the instant case, it is clear that the Judgment held by Nationwide Judgment Recovery, Inc. precipitated Defendant Debtor's bankruptcy filing.

24. The Defendant Debtor cannot re-litigate the amount of the Judgment in bankruptcy court. Prior to the entry of the final judgments in *Bell v. Disner*, there was a dispute period that allowed participants to adjust their balances, object to the settlement and judgments, and negotiate settlements with the Receiver. While she could have challenged the proposed amount of the Judgment at that time, Defendant chose to remain silent.

25. It is evident in this matter that both requirements of 11 U.S.C. § 523(a)(19) have been met. The Judgment the Defendant Debtor is attempting to discharge through her bankruptcy was clearly a result of securities violation. Moreover, this debt is memorialized in the Final Judgment issued against the Debtor in *Bell v. Disner*, attached hereto as Exhibit "A." Therefore, the Judgment should be excepted from discharge.

### COUNT 1: Relief Under 11 U.S.C. § 523(a)(2)(A)

26. Nationwide incorporates paragraphs 1 – 25 herein.

27. 11 U.S.C. § 523(a)(2)(A) provides that a Chapter 7 discharge does not discharge a debt that is

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

(A) *false pretenses, a false representation, or actual fraud*, other than a statement respecting the debtor's or an insider's financial condition (emphasis supplied).

28. Therefore, for a debt to be dischargeable under 11 U.S.C. § 523(a)(2)(A), it needs to be for money obtained by false pretenses, a false representation, or actual fraud.

29. In this case, Defendant Debtor willingly participated in an illegal Ponzi scheme which resulted in her winning a total of $13,814.17, at the expense of hundreds of thousands of participants who collectively lost over $700 million dollars. Her winnings caused her to be designated as a Net Winner Class Member. The Net Winner Class Members were sued by the receiver in the clawback action of *Bell v. Disner*, Case 3:14-cv-00091-GCM (W.D.N.C. 2017).

30. The Defendant Debtor was aware that she was committing a fraudulent act by her active participation in the ZeekRewards scheme.

31. The Defendant Debtor is financially sophisticated as evidenced by her ownership of a number of businesses, maintenance of a vehicle, payment of taxes, and by her usage and maintenance of credit/charge cards and a brokerage account.

32. A Ponzi scheme is fraudulent by definition: "a fraudulent investment plan in which the investments of later investors are used to pay earlier investors, giving the appearance that the investments of the initial participants dramatically increase in value in a short amount of time." See https://legal-dictionary.thefreedictionary.com/Ponzi+Scheme

33. The Defendant Debtor obtained money through her involvement in an illegal and fraudulent Ponzi scheme. By participating, she actively made false pretenses, false representations, and committed actual fraud.

34. The Defendant Debtor's role in the ZeekRewards Ponzi scheme resulted in her winning thousands of dollars as a direct result of her false pretenses, false representations, and actual fraud.

35. Therefore, the Defendant Debtor's Judgment, attached hereto as Exhibit "A," should be found nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

WHEREFORE, Nationwide Judgment Recovery, Inc. prays as follows:

(a) That the debt represented by the Defendant's Judgment be determined to be nondischargeable pursuant to 11 U.S.C. § 523(a)(19); and

(b) That the debt represented by the Defendant's Judgment be determined to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A); and

(c) For any other such relief as the Court may deem appropriate.

Respectfully submitted,

HOOTEN & JACOBY LLP

Dated: 09/07/202     By: /s/ Lauren R. Jacoby
                                          Lauren R. Jacoby
                                          17 Snyder Avenue
                                          Toms River, NJ  08753
                                          Phone: (848) 223-7362 / Fax: (848) 223-7391
                                          E-mail:  lrjacoby@jacobylawonline.com
                                          *Attorneys for Plaintiff*